Margaret T. Carroll, App't.
vs.                                No. 88591.
Thadeus W. Chrupcala

May 25, 1933.

BAKER, P. J. Heard without the intervention of a jury.

This is an action of trespass on the case for negligence, against the driver of a motor vehicle, to recover for personal injuries. It was tried with Law Numbers 88588, 88589 and 88590, which are actions brought by this plaintiff and her husband against the defendant in the case at bar and another defendant, who was the owner of the truck involved in the accident.

The Court and counsel took a view of the locality. At this point the streets involved in the accident are wide and the view of parties, either walking or driving, is ample and unobstructed for many feet in any direction

The occurrence in question took place on January 25, 1930, at about 2 P. M. The evidence showed that the day was clear, without storm of any kind; that the temperature was in the neighborhood of 32 degrees at the time of the accident; that the roadway was somewhat wet and muddy, and that some snow and ice were in the gutter and on the side of the street but not in the middle.

The place of the accident was in the City of Pawtucket, near the Central Falls-Pawtucket Railroad Station, on the roadway or driveway which curves from Broad Street around in front of said station.

The plaintiff herein is a woman some 63 years of age and her husband possibly slightly older. Neither one of them apparently understands or speaks English very well.

The testimony discloses that the plaintiff was quite seriously injured, having several ribs broken, numerous lacerations and considerable nervous shock. Her husband was not struck by the vehicle driven by the defendant and his actions are to recover for expenses incurred by him on behalf of his wife.

The difficult question in the case is that of liability. The evidence relating to how the accident occurred is very vague and conflicting, and the stories told by the plaintiff and her husband, and also by the defendant and the other occupant of the truck, are not entirely comprehensible or capable of reconciliation with certain of the physical facts. Unfortunately, there is no disinterested witness to the accident itself.

The testimony shows that the plaintiff and her husband came to Pawtucket from Fall River to visit relatives. They started to walk in a northerly direction on Broad Street toward the City of Central Falls and were proceeding across the so-called roadway or driveway leading from Broad Street to the station, when plaintiff was struck by a truck driven by the defendant. The testimony is somewhat conflicting whether they were walking straight across at the mouth of the \driveway or whether they crossed from a point some little distance up the driveway toward the end of the easterly sidewalk on Broad street. The Court is inclined to believe, from all the testimony, that the latter was the case.

The truck driven by the defendant came along Broad street 'from the City of Pawtucket in a northerly direction and turned to its right into the so-called driveway or roadway leading up to the railroad station, and soon after this turn was made the plaintiff was struck while she was crossing said driveway.

The plaintiff claims that she did not see the vehicle which struck her  She does not explain how the accident happened. She says that she heard no horn, that she merely heard the noise of the truck and the noise of bottles rattling in the truck, and that then she was struck. She claims that she was walking about three feet behind her husband and that she was at least three-quarters of the way across the driveway when the accident occurred. At one place in the testimony she and her husband claim that they were within three or four feet of the opposite sidewalk when the plaintiff was struck. Her husband's testimony is substantially the same as her own.

The evidence is somewhat uncertain as to whether they looked in all directions before they started to cross. The testimony would tend to show that after they began to cross, they looked merely in the direction in which they were walking, that is, straight ahead. It is quite clear that the view of any person crossing this driveway is unobstructed for many feet in either direction and it would seem that the truck driven by the defendant must have been visible to anyone who looked in the direction of Pawtucket.

The defendant, who was only sixteen years old at the time of the accident but who had a driver's license, says that he blew the horn at the intersection of Broad street and Barton street but did not blow it after that; that he first noticed the plaintiff and her husband when he turned from Broad street into the private driveway; that they were then approximately three-quarters of the way across the driveway and were walking at a good rate, arm in arm, and that the plaintiff left her husband and turned and ran back toward the sidewalk from which she had come. The defendant then says that he turned his truck sharply to the right to avoid her and that a portion of it mounted the right hand sidewalk of the driveway; that he put his brakes on immediately; that the truck skidded somewhat; that he did not know that the plaintiff was hit, and that whatever impact there was was toward the rear of the truck. He testified that he was in second speed when he rounded the corner of Broad street and the driveway leading to the station, and was proceeding at a speed of from fifteen to twenty miles an hour. In a report to the police the day of the accident, he placed his speed at from twenty to twenty-five miles per hour. His testimony is substantially supported by the evidence given by another young man who was in the truck.

There is evidence that the defendant was supposed to wear glasses while driving and the testimony is somewhat conflicting as to whether he had them on at the time of the accident.

A witness named Clark placed the truck on the sidewalk after the acci-

dent and gave evidence as to skid marks on the road.

A distinterested witness named Hampson says that he did not see the accident but that after it occurred he saw the plaintiff getting up from the roadway, and that this point was about ten feet from the easterly curbing on the side of the driveway leading to the railroad station and about fifteen feet east of the center line of the driveway, and also about eighty or ninety feet up from the southerly corner of Broad street and said driveway. This witness also made some reference in his testimony to the odor of liquor noticeable at the time he assisted in picking up the plaintiff. However, both the plaintiff and her husband strongly deny that either one of them used any liquor that day.

The claim of the plaintiff as to the negligence of the defendant amounts in substance to a contention that the truck was driven from Broad street into the driveway at too high a speed and in such a way as to practically run down the plaintiff.

The defendant, on the other hand, urges that he was guilty of no negligence and that the plaintiff was guilty of contributory negligence in turning back and running toward the sidewalk from which she had come.

It is quite evident that at the time of the accident the plaintiff and her husband were not together, because the latter was not struck. It is very difficult for the Court to believe that the plaintiff and her husband were three-quarters of the way across said driveway, or even further, at the time of the accident. If this was the situation, it would seem that the ordinary person would hurry to reach the sidewalk toward which he was proceeding rather than to turn and run in the opposite direction, because only a few steps would put him in safety. Moreover, if the plaintiff was as far across the private driveway as she claims, there would have been ample room for a vehicle, turning from Broad street into the driveway, to pass behind her, and it would require an extremely wide swing, which would take the vehicle well onto the left side of the driveway, for it to reach a position near where the plaintiff and her husband placed themselves.

After careful consideration, the Court is inclined to believe that the testimony given by Mr. Duckworth, a police officer, as to statements made the day of the accident, more nearly presents a picture of what happened. According to his testimony, the defendant stated that the plaintiff and her husband walked from the east side of the driveway to the center of the street, and that then the plaintiff turned back. This, on the whole, seems more reasonable. It is possible that a person standing in the middle of a roadway might become confused by the noise of an approaching vehicle and start to run back in the direction from which she had come, whereas the driver of the vehicle might assume that she would continue in the direction in which she was travelling and attempt to pass behind her. Furthermore, the evidence of the witness Hampson as to the place in the roadway where the plaintiff was found after the accident, tends to support this explanation. If the plaintiff and her husband were well across the roadway, which is 50 feet wide, it is rather difficult to understand how, after the accident, the plaintiff was found ten feet from the easterly sidewalk of the roadway.

The burden of proof is on the plaintiff to establish her freedom from negligence and the defendant's negligence by a fair preponderance of the testimony. Where the occurrence is not one that speaks for itself, the plaintiff has the burden of explaining the accident in a reasonably clear, consistent and understandable manner. After considering the evidence with care, the Court finds that she has failed to do

this Such testimony as there is here, the case, in the judgment of the Court considered with the physical facts in more nearly supports the defendant's claims.

The weight of the evidence, the Court believes, fails to show negligence on the part of the defendant and does show contributory negligence on the part of the plaintiff.

Decision for the defendant.

For plaintiff: Morris·Berick.

For defendant: James E. Brennan, Harold J. McLaughlin.